IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

HYATT HOTEL REGENCY          )
CRYSTAL CITY,                )
                             )
        Claimant,            )
                             )
            v.               )    1:07mc40 (JCC)
                             )
NATIONAL PETROLEUM           )
MANAGEMENT ASSOCIATION,      )
                             )
        Respondent.          )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff's Motion
to Confirm an Arbitration Award and for a Judgment Award.

This case arises out of a contract between Claimant
Hyatt Hotel Regency Crystal City ("Hyatt") and Respondent
National Petroleum Management Association ("National Petroleum")
in which Hyatt was to provide hotel rooms, meeting rooms, exhibit
halls, rental exhibit equipment, exhibit hall set up, and food
and beverages for a trade show put on by National Petroleum.  The
parties entered into an agreement on December 6, 2006, governed
by a Group Sales Agreement Contract, including an arbitration
provision.  On November 19, 2007, the arbitrator, Albert
Sturtevant, entered an award for Claimant and against Respondent
in the amount of $153,245.95, including costs and attorneys fees.
Claimant now seeks confirmation of that award in this Court,
including the requisite interest, and whatever other relief the

Court deems proper.  Respondent has not filed any opposition.

The arbitration provision in the Agreement states that "the parties expressly agree that this arbitration award shall be final and binding on the parties and judgment may be entered upon the award and may be enforced by appropriate judicial action in any state or federal court having jurisdiction thereof," and that "the parties hereby submit themselves to the jurisdiction of the Commonwealth of VIRGINIA."  Agreement 7.  Section 9 of the Federal Arbitration Act provides that:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title [9 USCS §§ 10, 11]. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9.  In this case, confirmation is appropriate as the arbitration award was made within the past year, on November 19,

2007, and has not been vacated, modified, or corrected.  This
Court has jurisdiction as it is within the Commonwealth of
Virginia, as specified by the arbitration agreement.  Claimant
represents that Respondent was served with the Motion on December
19, 2007.  Mot. to Confirm an Arbitration Award and for a J.
Award at 5.  Therefore, the Court will grant Claimant's Motion to
Confirm Arbitration Award and for a Judgment Award and enter
judgment in favor of Claimant and against Respondent.

An appropriate Order will issue.


January 3, 2008                        /s/
Alexandria, Virginia            James C. Cacheris
                        UNITED STATES DISTRICT COURT JUDGE